UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| OCTAVIOUS EGGERSON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5:20-cv-445-GFVT |
| ) | |
| v. ) | |
| ) | |
| FAYETTE CO. DET. CENTER, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Octavious Eggerson is a pretrial detainee currently confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky.[1]  Proceeding without an attorney, Mr. Eggerson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 7] and has paid the $5.00 filing fee.  [R. 11.][2]  This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

---

[1] In September 2020, Mr. Eggerson was charged in an indictment issued by a Fayette County, Kentucky grand jury with first degree trafficking in controlled substance in violation of KRS § 218A.1412.  A review of the Fayette County Circuit Court's online records shows that Mr. Eggerson's state criminal matter remains pending.  *See Commonwealth v. Eggerson*, No. 20-cr-812 (Fayette Cir. Ct. 2020), available at https://kcoj.kycourts.net/CourtNet/Search/Index (last viewed on January 5, 2021).

[2] Mr. Eggerson's original § 2241 petition was not filed on the form approved for use by this Court.  [R. 1]  However, in compliance with the Court's prior instructions [R. 6], Mr. Eggerson has now re-filed his petition on the appropriate form.  [R. 7]

In his § 2241 petition, Mr. Eggerson claims that his current detention is unlawful because he has a hernia and is due to have surgery. [R. 7 at p. 1, 4–5.] He further states that his medical condition keeps him in pain and the doctor at the FCDC says that there is nothing they can do for him right now. [*Id*. at 4.] He also alleges that he has blood pressure issues and that, if the hernia ruptures, he could die. *Id*. As relief, he seeks release from custody with the use of electronic monitoring and curfew. *Id*. at 8.

However, Mr. Eggerson's claims are not proper in a habeas petition filed pursuant to 28 U.S.C. § 2241. As an initial matter, it is not entirely clear whether Mr. Eggerson is currently in state or federal custody. While Mr. Eggerson is currently facing state criminal charges, he has also been charged with violating his federal supervised release in *United States v. Eggerson*, No. 5:14-cr-036-KKC (2014). The final hearing on his federal supervised release violation was continued on October 2, 2020, pending resolution of the state court proceedings, and Mr. Eggerson was remanded to the custody of the United States Marshal Service. *Id*. However, the Bureau of Prisons' online Inmate Locator database indicates that he was released from custody on May 15, 2020. *See* https://www.bop.gov/inmateloc/ (last visited January 5, 2021). Nor is Mr. Eggerson listed as among the current population at the FCDC. *See* http://jail.lexingtonky.gov (last visited January 5, 2021). If Mr. Eggerson's current address has changed, he has not updated the Clerk of the Court, despite an obligation to do so.

However, regardless of whether Mr. Eggerson is currently in state or federal custody, his § 2241 petition must be denied without prejudice. If Mr. Eggerson is in state custody, while a habeas corpus petition filed under § 2241 by a pretrial detainee in state custody may be used to challenge his prosecution prior to judgment, *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012), the instances in which a pretrial detainee may do so are

"rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). Indeed, "although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). As further explained by the United States Court of Appeals for the Sixth Circuit in *Atkins*:

> Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Id*. (citations omitted); *see also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances").

Thus, "[p]rinciples of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) 'special circumstances' warrant federal intervention." *Brown v. Bolton*, No. 3:09–cv–P513–S, 2010 WL 1408014 (W.D. Ky. April 1, 2010). Indeed, "[h]abeas petitioners must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810; *see also Fisher v. Rose*, 757

3

F.2d 789, 792 (6th Cir. 1985) (noting that "exhaustion of state remedies is required in the absence of unusual circumstances").

Here, Mr. Eggerson's petition affirmatively states that he did not exhaust the available administrative remedy process "because my lawyer said he was mak[ing] request known to Judge." [R. 7 at 8.] Nor do the allegations of Mr. Eggerson's petition suggest the existence of other "special circumstances" that would warrant this Court's intervention into Mr. Eggerson's Kentucky criminal proceedings. To the contrary, the relief that Mr. Eggerson seeks—pre-trial release to home confinement with electronic monitoring—is more appropriately addressed by the state court. For all of these reasons, considerations of federalism and comity strongly counsel against this Court's intrusion into Mr. Eggerson's Kentucky criminal proceedings, warranting denial of his § 2241 petition without prejudice.

If, on the other hand, Mr. Eggerson is in federal custody, his claims are still improper in his § 2241 petition. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges). Thus, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004).

Mr. Eggerson's § 2241 petition requests immediate release because he claims that he is not currently receiving adequate medical care for his hernia at the FCDC. However, a federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the

4

conditions of his confinement, such as claims of inadequate medical care; he may only assert such claims by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971);[3] *see also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). Should Mr. Eggerson wish to pursue his claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.

Accordingly, it is hereby **ORDERED** as follows:

1. Mr. Eggerson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 7] is **DENIED WITHOUT PREJUDICE**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. The Court will enter an appropriate judgment.

This 7th day of January, 2021.

---

[3] If Mr. Eggerson is in state custody, such claims may be asserted by filing suit under 42 U.S.C. § 1983.

5

Gregory F. Van Tatenhove
United States District Judge

6